```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                  AT CHARLESTON
```

WILLIAM THOMPSON,

      Plaintiff,

v.                                Civil Action No. 2:11-0409

JAMES RUBINSTEIN,
Commissioner West Virginia
Division of Corrections,
Sued in his Individual and
Official Capacities, and
DAVID BALLARD, Warden,
Sued in his Individual and
Official Capacities, and
DR. HUMA RASHID,
Sued in his Individual and
Official Capacities, and
JOHN AND JANE DOE EMPLOYEES
OF WEXFORD MEDICAL SOURCES,
Sued under Breach of Contract
Personal and Official Capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the renewed motions to dismiss the amended complaint, filed September 26, 2011, by defendants Huma Rashid and John and Jane Doe Employees of Wexford Medical Sources, and the renewed motion by defendants David Ballard and James Rubinstein to dismiss the amended complaint, also filed September 26, 2011.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The court has reviewed the PF&R entered by the magistrate judge on March 27, 2012.  The magistrate judge recommends that the court grant the renewed motions to dismiss, decline to exercise jurisdiction over the supplemental state law claims, and dismiss the case.

On April 13, 2012, plaintiff objected to the PF&R. First, he asserts that a constitutional violation arises from Dr. Rashid's alteration of his medications.  As the magistrate judge notes, that claim suffers from insurmountable infirmities.  See, e.g., Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006) (deliberate-indifference claim based on inadequate medical treatment requires proof that defendant knew of and disregarded excessive risks to inmate's health, and that injury in fact resulted); Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (inmate has no constitutional right to particular course of treatment, and his mere disagreement with medical treatment is not basis for § 1983 liability).  Assuming Dr. Rashid was negligent in changing plaintiff's course of treatment, such does not give rise to an Eighth Amendment claim.

2

The PF&R implicitly recommends that plaintiff be given an opportunity to pursue his supplemental negligence claim in state court.  The court will adopt that recommendation.

Second, plaintiff asserts that he should be given the opportunity to pursue his claims against Wexford Health Sources and the Doe defendants.  He does not, however, assert how Wexford Health Sources or any Doe defendant might have committed a constitutional violation apart from Dr. Rashid's conduct. Inasmuch as Dr. Rashid engaged in no deprivation of plaintiff's Eighth Amendment rights, the subject of supervisory liability is not before the court.

Third, plaintiff asserts that he was transferred to a facility outside this district as a "tactical" ploy "to make his allegations in part moot."  (Objecs. at 8).  As the magistrate judge notes, plaintiff's transfer mooted his claims for injunctive and declaratory relief.  He apparently fears that he will, at some future time, be transferred back to the facility where the alleged misconduct was committed, Mount Olive Correctional Center ("MOCC").  In the event that such a transfer occurs, and that plaintiff is exposed to an actionable constitutional deprivation thereafter, he may wish to avail himself of process seeking injunctive or declaratory relief. Until that eventuality comes to pass, however, the claims for

3

injunctive and declaratory relief are indeed moot. See, e.g., Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009) (collecting cases). Apart from that observation, an award of the aforementioned equitable relief would occur only if plaintiff stated an actionable constitutional deprivation. He has not done so.

Based upon the foregoing discussion, the court concludes that the objections are not meritorious. It is, accordingly, ORDERED as follows:

1. That the PF&R be, and it hereby is, adopted by the court and incorporated herein;

2. That plaintiff's Eighth Amendment claim be, and it hereby is, dismissed with prejudice;

3. That plaintiff's state law breach of contract and negligence claims be, and they hereby are, dismissed without prejudice; and

4. That this action be, and it hereby is, stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: May 16, 2012

John T. Copenhaver, Jr.
United States District Judge